UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EVERETTE SIMMONS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:11CV01983 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Everette Simmons'(Movant) Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 1].

**I. BACKGROUND FACTS**

On December 4, 2008, Movant was indicted for Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1). On September 28, 2009, a jury found Movant guilty of the charged crime. The Court sentenced Movant to 110 months imprisonment and 4 years supervised release. In Movant's direct appeal of this conviction, his counsel filed a brief under *Anders v. California*,[1] seeking to with draw, and challenging the Government witnesses' credibility, in view of their cooperation agreements. *United States v. Simmons*, 404 Fed. App. 100 (8th Cir. 2010). In a pro se brief also considered by the Appellate Court upon direct appeal, Movant challenged this Court's drug-quantity and sentence enhancement determinations. *Id*. The Eighth Circuit found that

---

[1] 386 U.S. 738 (1967).

assessment of witness credibility and resolution of any testimonial inconsistencies were within the jury's province, and concluded that sufficient evidence supported Movant's conviction. *Id.* Upon consideration of Movant's pro se arguments, the Appellate Court further concluded that a preponderance of the evidence supported the drug-quantity determination and that the sentencing enhancement assessments were not clearly erroneous. *Id.* The Eighth Circuit also reviewed Movant's record independently under *Penson v. Ohio*,[2] and found no frivolous issue for appeal. *Id.* Counsel was granted leave to withdraw, and the judgment was affirmed. *Id.*

On November 8, 2011, Movant filed this pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [ECF No. 1]. Movant asks that his sentence be vacated, alleging ineffective assistance of counsel, which he claims resulted in a denial of a fair and impartial trial as guaranteed by the Sixth Amendment, and also a denial of due process under the Fifth and Fourteenth Amendments. Movant argues that these violations caused his conviction to be unconstitutional. In his pro se brief, Movant states eight grounds for relief:

> 1. Simmons['] involvement in this conspiracy rests solely on co-conspirators['] statements of past activities of their's (sic) that they have already achieved in violation of Federal Rules of Evidence 801(d)(2)(E).
>
> 2. Counsel was ineffective in not challenging the use of expert witness Salvatore Cira.
>
> 3. Jury Tampering
>
> 4. Surprise Rebuttal Witness
>
> 5. Counsel was ineffective for not filing a written motion for judgment of acquittal based on a lack of evidence to support all of the essential elements that would be used to find beyond a reasonable doubt that Simmons was guilty of the offense as charged.

---

[2] 488 U.S. 75, 80 (1988).

6. Deliberate Deception

7. Prejudice Resulting from Ineffective Assistance of Counsel

8. Prosecutorial Misconduct

Upon review, Movant's grounds for relief generally appear to allege claims involving prosecutorial misconduct, jury tampering, and ineffective assistance of counsel.

Movant bases his claim of prosecutorial misconduct on several issues. He claims the Government deliberately deceived the Court, knowingly giving a false date as to the end of the conspiracy, to conceal the fact that certain statements and testimony given by co-conspirators were inadmissible because they were not made "in the course or furtherance of the conspiracy." Movant contends that, contrary to the Government's representation that the conspiracy ended on July 10, 2009, the conspiracy ended on October 30, 2008. He argues that the use of the co-conspirators' statements violated Federal Rule of Evidence 801(d)(2)(E). Movant further claims that the Government willfully used the testimony of surprise rebuttal witness, Amanda Gabriel, to gain a tactical advantage by minimizing the effectiveness of cross examination. According to Movant, Ms. Gabriel was not disclosed as a witness until the Government rested its case. Movant believes that his trial counsel was ineffective for not objecting to Ms. Gabriel's testimony, and he contends Ms. Gabriel's statements were highly prejudicial to him and provided the Government an unfair tactical advantage. He further claims that the Government used the testimony of his co-conspirators, expert witness Cira, and Ms. Gabriel, to inject prejudicial allegations throughout closing argument.

Movant additionally claims that his right to a fair and impartial trial was violated due to alleged jury tampering. According to Movant, a juror spoke to Drug Enforcement Agency Agent,

Bill Keeney on one occasion during the course of the trial. Simmons alleges that Agent Keeney purposefully used the conversation to coerce the juror, in an attempt "to win back a case that the government felt it had already lost," and that the juror was influenced by the conversation.

Movant further claims he was provided ineffective assistance of counsel by his trial attorney. He alleges that trial counsel failed to give adequate legal assistance, and that his counsel's conduct so undermined the proper functioning of the adversarial process that the trial could not be relied on as having produced a just result. Movant argues that his counsel's ineffectiveness resulted in a denial of a fair and impartial trial and produced an unconstitutional conviction. He contends that his trial counsel's ineffectiveness started with the pre-trial motions and continued on through the post-conviction appeals process. Movant claims he was prejudiced by trial counsel's failure to file pre-trial motions to challenge the statements of co-conspirators, to object to the testimony of rebuttal witness Gabriel, and to raise meritorious issues on appeal.

**II. STANDARDS FOR RELIEF UNDER 28 U.S.C. § 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner seeking relief from a sentence imposed against him on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To obtain relief under § 2255, the movant must establish a violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (quoting 28 U.S.C. § 2255(b)). Therefore, a "petitioner is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle him to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir.1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043. "[I]f an evidentiary hearing is required, the judge shall appoint counsel for a [defendant] who qualifies for the appointment of counsel." *Green v. United States*, 262 F.3d 715, 716 (8th Cir. 2001).

Nevertheless, a movant's ability to challenge his sentence pursuant to § 2255 may be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised in a § 2255 motion unless the movant establishes "(1) cause for default and actual prejudice or (2) actual innocence.." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 621-22 (1998)).

Ineffective-assistance-of-counsel claims, however, may be raised for the first time in a § 2255 motion, regardless of whether they could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). This exception to the standard procedural default rule exists to prevent movant from being forced "to raise the issue before there has been an

5

opportunity fully to develop the factual predicate for the claim." *Id.* Moreover, a movant's attorney may serve as counsel both at trial and appellate levels of the case, and it is unlikely that the attorney would assert his own ineffective assistance on appeal. *See United States v. Rashad*, 331 F.3d 908, 911 (D.C. Cir. 2003). "Absent unusual circumstances," proof of ineffective assistance of counsel establishes the cause for default and actual prejudice requirements necessary to raise a constitutional issue for the first time in a § 2255 motion. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

### III. DISCUSSION

Movant's claims can be conclusively determined based upon the Motion, the files, and the records of the case. *See Shaw*, 24 F.3d at 1043. Consequently, no evidentiary hearing will be held. *Id*.

    A. Prosecutorial Misconduct & Jury Tampering

With narrow exception, issues raised and decided on direct appeal cannot be relitigated in a collateral attack brought under 28 U.S.C. § 2255. *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001). Moreover, movants simply cannot raise nonjurisdictional or nonconstitutional issues in § 2255 proceedings if the issue could have been raised on direct appeal but was not. *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994), Generally, relief under § 2255 is available to correct constitutional or jurisdictional errors that could have been raised at trial or on direct appeal only if the movant shows cause for his default and resulting prejudice, or actual innocence. *Id*.

Several of Movant's claims of error, concerning alleged prosecutorial misconduct and jury tampering, either were determined, or could and should have been raised in his direct appeal.

6

*United States v. Simmons*, 404 Fed. Appx. 100 (8th Cir. 2010). Movant has not alleged or shown cause for his default or resulting prejudice. Consequently, he is foreclosed from raising those arguments in a § 2255 motion. Exception to this well-established rule has been recognized by the Eighth Circuit only when movants have produced convincing new evidence of actual innocence. *Wiley*, 245 F.3d at 752. Movant has produced no new evidence that he is actually innocent. Moreover, even if he had, Movant could not prevail because the Eighth Circuit has held that the actual innocence exception does not apply to noncapital sentences. *Id*.

On direct appeal, Movant challenged the government witnesses' credibility in light of their cooperation agreements. *Id*. Movant's present argument, in which he claims that the Government deliberately deceived the Court into allowing inadmissible testimony by his co-conspirators by knowingly giving a false date as to the end of the charged conspiracy, is merely an attempt to put a new spin on the credibility challenge that was previously determined on direct appeal, and is thus procedurally barred. *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Anderson*, 25F.3d at 706. As discussed above, the Eighth Circuit, in Movant's direct appeal, concluded that sufficient evidence supported his conviction, holding that credibility determinations were within the province of the jury. *Simmons*, 404 Fed.Appx. at 100. Furthermore, the Appellate Court reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75, 80 (1988), and found no nonfrivolous issues for appeal. *Simmons*, 404 Fed.Appx. at 100. Consequently, because Movant's claims of prosecutorial misconduct and jury tampering assert trial errors, rather than raising issues of ineffective assistance, they are procedurally barred.

B. <u>Ineffective Assistance of Counsel</u>

Movant claims he was denied effective assistance of counsel, contending that the

7

ineffective assistance by his counsel was prejudicial and violated his Constitutional rights. A §2255 motion may be based upon a violation of the Sixth Amendment right to effective assistance of counsel. *See United States v. Scott*, 26 F.3d 1458, 1467 (8th Cir. 1994). A showing of ineffective assistance of counsel requires a movant to demonstrate: that counsel was ineffective in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and that counsel's "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Auman v. United States*, 67 F.3d 157, 162 (8th Cir. 1995) (citing *Strickland*). In order to prove ineffective assistance of counsel, under the first requirement, a movant must show that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. When evaluating counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. Moreover, even if sufficient proof of the first requirement exists, relief may only be obtained if movant also proves that counsel's ineffective performance prejudiced his defense. *Id*. at 697.

In order to prevail on the second requirement, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. The Court may address the two requirements put forth in *Strickland*, in any order; and, if the movant fails to make a sufficient showing on one requirement, the Court does not need to address the other. *See Strickland*, 466 U.S. at 697; *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000). Here, Movant fails to meet either of the requirements showing that he was denied effective assistance of counsel.

Movant claims he received ineffective assistance because his trial counsel did not file a pre-trial motion challenging the statements of the co-conspirators. The record refutes Movant's claim on this ground. Movant stated that he did not want to file any pretrial motions on this matter, and voluntarily waived his rights to file pretrial motions, in open court, under oath [4:08-CR-000697, ECF No. 103]. Movant did not want to reveal his theory of defense to the Government and a pretrial motion may have given away the defense's theory [ECF No. 9-1]. The decision not to file pretrial motions was a strategic one, made by both Movant and counsel. Counsels' "strategic choices made after thorough investigation of law and facts...are virtually unchallengeable[.]" *Strickland*, 466 U.S. at 690. "We presume attorneys provide effective assistance, and will not second-guess strategic decisions or exploit the benefits of hindsight." *Payne v. United States*, 78 F.3d 343, 345 (8th Cir. 1996).

Furthermore, Movant was not prejudiced by this strategic decision. Because Movant has not shown he received ineffective assistance of counsel based on counsel not filing a pretrial motion objecting to the testimony of his co-conspirators, his claim on this issue must fail.

Movant also claims that trial counsel was ineffective because he failed to object to the Government's rebuttal witness, Ms. Gabriel. The record refutes this claim; counsel did object to the Government's use of Ms. Gabriel, but the Court overruled the objection [4:08-CR-00697, ECF No. 157 at 1366]. The Government used Ms. Gabriel's testimony to rebut a statement made by Movant's co-defendant, who stated that he was testifying on the Movant's behalf, because he wanted "to do the right thing" [4:08-CF-00697, ECF No. 157 at 1364, 1378-94]. Ms. Gabriel met the co-defendant for the first time on the morning that she testified. During the course of their conversation that morning, the co-defendant informed her that he was going to testify on

9

Movant's behalf that day, and that he was going to "shave down," or minimize, the amount of drugs involved in the conspiracy, because he wanted to help Movant, who was his friend [4:08-CR-00697, ECF No. 157 at 1363-64, 1379-80]. Thus, the record shows that the Government only learned of Ms. Gabriel's conversation with Movant's co-defendant during the course of the trial [*Id*.]. Because the Government's explanation for not identifying this witness earlier reveals that the omission was neither willful nor motivated by a desire to obtain an unfair tactical advantage, admission of her testimony was not erroneous, and counsel's objection was properly overruled. *See Taylor v. Illinois*, 484 U.S. 400, 415 (1988). Furthermore, the Government's use of Ms. Gabriel's testimony was appropriate on rebuttal. *See Slater v. Missouri*, 2012 WL 895703 at *5 (W.D. Mo. March 15, 2012) (government is normally under no obligation to disclose rebuttal witness that rebuts defendant's theory of defense). Movant's counsel conducted a cross-examination of Ms. Gabriel. Counsel's performance was not deficient, and Movant has made no showing of prejudice.

Movant also argues that his counsel was ineffective by failing to object to expert witness Cira's testimony. He claims that Cira's opinion was based on the statements of his co-conspirators and that Cira's testimony invaded the province of the jury by improperly bolstering the credibility of these witnesses. Movant's contentions are wholly without merit, as Cira expressed no opinion concerning testimony of any witness, but rather, testified only generally as to common practices of drug trafficking organizations and the cocaine industry. The record reveals that Cira, an intelligence research specialist with several years of experience working undercover and developing cases against drug trafficking organizations, and in excess of 3,000 hours of formal training related to narcotics investigations and enforcement, is employed by the

United States Department of Justice [4:08CR00697, ECF No. 156 at 239-40]. Upon direct examination in Movant's trial, Cira testified as to the use of hard currency, Trac phones, rental vehicles, concealed compartments within vehicles, rubber bands, couriers, one-way airline tickets purchased by third parties, and certain packaging, odor-masking, and sealing practices in drug trafficking operations [4:08CR00697, ECF No. 156 at 240-43, 245-48]. Cira also testified that cocaine is grown is South American countries, and smuggled through Mexico into the United States after it is harvested and processed [4:08CR00697, ECF No. 156 at 243-44]. He stated that Los Angeles, California, due to its close proximity to the Mexican border, has been a significant source of cocaine for more than twenty-five years, and that one kilogram of cocaine would sell for approximately $27,000 in Los Angeles, and more than that elsewhere [4:08CR00697, ECF No. 156 at 244]. Cira further testified that "crack cocaine," which is a small rock of cocaine weighing approximately two-tenths of a gram, is "king in St. Louis" [4:08CR00697, ECF No. 156 at 245]. During cross-examination, Movant's counsel elicited testimony from Cira establishing, among other things, that Cira had no involvement in Movant's investigation, and that Cira had only spoken to the agents who had investigated Movant, and read the reports prepared in the case, to prepare for his testimony [4:08CR00697 No. 156 at 250-52]. The record reveals that Cira was undoubtedly qualified to testify concerning common drug trafficking practices, and that his knowledge of narcotics operations was relevant evidence, which contributed to the jury's consideration of the matter before them. *See Daubert v. Merrell Dow Pharm, Inc.*, 509 U.S. 579, 590-93 (1993). Movant's counsel was not ineffective for failing to object to Cira's testimony, as any objection would have been properly overruled.

Movant additionally claims he received ineffective assistance of counsel, in that trial

counsel failed to file a motion for mistrial based on alleged jury tampering. Again, the record refutes Simmons' claim. The record shows that Simmons' counsel raised the issue, and that a brief hearing on the matter revealed that the contact was not prejudicial [4:08-CR-00697, ECF No. 157 at 91-95]. Therefore, Simmons' claim of ineffective assistance of counsel based on failure to file a motion for mistrial due to jury tampering must fail.

Next, Movant claims his counsel was ineffective for failing to file a written motion for judgment of acquittal. The record shows that Movant's counsel made a verbal motion for judgment of acquittal, and that it was denied [4:08-CR-00697, ECF No. 157 at 1396-97]. The Court granted leave to file a written motion for judgment of acquittal, which Counsel did not do. However, Movant is unable to show that he was prejudiced by the lack of a written motion for judgment of acquittal. Counsel's verbal motion had already been denied on the record; moreover, on direct appeal, the Eighth Circuit examined the record and determined the evidence was sufficient to support the conviction. *Simmons*, 404 Fed. Appx. at 100. Because Movant cannot show his counsel was unreasonable for not filing a written motion for judgment of acquittal, or that the lack of a written motion prejudiced him, this claim of ineffective assistance of counsel also fails.

## IV. CERTIFICATE OF APPEALABILITY

The Court finds that Movant has not made a substantial showing of the denial of a federal constitutional right, as is required before a certificate of appealability can be issued. See *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (substantial showing is "showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability

as to any claims raised in Movant's § 2255 Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Everette Simmons' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Movant's § 2255 Motion.

Dated this __24th__ day of October, 2012.

                                                E. RICHARD WEBBER
                                                SENIOR UNITED STATES DISTRICT JUDGE