UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| EVERETTE SIMMONS, | ) | |
|---|---|---|
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:11CV01983 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court upon Everette Simmons'(Movant) Motion to Alter and Amend Judgment and Order Pursuant to Fed. R. Civ. P. 59(e) [ECF No. 14].

## **I. BACKGROUND FACTS**

On December 4, 2008, Movant was indicted for Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1). On September 28, 2009, a jury found Movant guilty of the charged crime. The Court sentenced Movant to 110 months imprisonment and 4 years supervised release. In Movant's direct appeal of this conviction, his counsel filed a brief under *Anders v. California*,[1] seeking to withdraw, and challenging the United States ( the "Government") witnesses' credibility, in view of their cooperation agreements. *United States v. Simmons*, 404 Fed. App. 100 (8th Cir. 2010). In a pro se brief also considered by the Appellate Court upon direct appeal, Movant challenged this Court's drug-quantity and sentence enhancement determinations. *Id.* The Eighth Circuit

---

[1]386 U.S. 738 (1967).

1

found that assessment of witness credibility and resolution of any testimonial inconsistencies were within the jury's province, and concluded that sufficient evidence supported Movant's conviction. *Id.* Upon consideration of Movant's pro se arguments, the Appellate Court further concluded that a preponderance of the evidence supported the drug-quantity determination and that the sentencing enhancement assessments were not clearly erroneous. *Id.* The Eighth Circuit also reviewed Movant's record independently under *Penson v. Ohio*,[2] and found no nonfrivolous issue for appeal. *Id.* Counsel was granted leave to withdraw, and the judgment was affirmed. *Id.*

On November 8, 2011, Movant filed a pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [ECF No. 1]. Movant asked that his sentence be vacated, alleging ineffective assistance of counsel, which he claimed resulted in a denial of a fair and impartial trial as guaranteed by the Sixth Amendment, and also a denial of due process under the Fifth and Fourteenth Amendments. Movant argued that these violations caused his conviction to be unconstitutional. In his pro se brief, Movant stated eight grounds for relief:

> 1. Simmons['] involvement in this conspiracy rests solely on co-conspirators['] statements of past activities of their's (sic) that they have already achieved in violation of Federal Rules of Evidence 801(d)(2)(E).
>
> 2. Counsel was ineffective in not challenging the use of expert witness Salvatore Cira.
>
> 3. Jury Tampering
>
> 4. Surprise Rebuttal Witness
>
> 5. Counsel was ineffective for not filing a written motion for judgment of acquittal based on a lack of evidence to support all of the essential elements that would be

---

[2]488 U.S. 75, 80 (1988).

used to find beyond a reasonable doubt that Simmons was guilty of the offense as charged.

6. Deliberate Deception

7. Prejudice Resulting from Ineffective Assistance of Counsel

8. Prosecutorial Misconduct

Movant's grounds for relief generally alleged claims involving prosecutorial misconduct, jury tampering, and ineffective assistance of counsel. This Court concluded that several of Movant's claims of error, concerning prosecutorial misconduct and jury tampering, either were determined, or could and should have been raised in his direct appeal, and that Movant was foreclosed from raising those arguments in a § 2255 motion, because he had not alleged or shown cause for his default or resulting prejudice, and had produced no new evidence of actual innocence. The Court further found that those claims were procedurally barred because they asserted trial errors, rather than issues of ineffective assistance of counsel. Movant additionally claimed that he received ineffective assistance of counsel because, among other things, his trial counsel did not file a pre-trial motion challenging the statements of his co-conspirators. As to this and Movant's other allegations of ineffective assistance, the Court found that the record refuted his claims, and that the Movant was unable to show prejudice. This Court denied Movant's § 2255 Motion, dismissed all counts of his Motion with prejudice, and denied Movant a certificate of appealability on October 24, 2012 [ECF Nos. 12, 13].

Movant filed his present motion on November 26, 2012 [ECF No. 14]. The Certificate of Service for Movant's motion indicates that he mailed his pleading on November 17, 2012.

## II. LEGAL STANDARD

Defendant's Motion is timely filed in accordance with Federal Rule of Civil Procedure 59(e). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed.R.Civ.P. 59(e); *see also* Fed. R. Civ. P. 6 (computing and extending time; time for motion papers). Rule 59(e) was originally "adopted to 'mak[e] clear that the district court possesses the power' to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982) (quoting Notes of Advisory Committee on 1946 Amendment to Rules).

Rule 59(e) motions are used to correct manifest errors of law or fact, or to present newly discovered evidence. *See United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Innovative Home Health Care, Inc. v. P. T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998).

## III. DISCUSSION

In his Motion to Alter and Amend Judgment and Order, Movant contends that he has clearly made a claim of fact to the district court that his conviction was based on inadmissible statements of co-conspirators, and that his counsel was ineffective for not objecting to these statements, on the bases of hearsay, under Fed R. Evid.801(d)(2)(e) (definition of hearsay, and exclusions from hearsay) and Fed. R. Evid..403 (excluding relevant evidence for prejudice, confusion, waste of time, or other reasons).

In its Response, the Government opposes Movant's request for amendment or

4

reconsideration, as to both the Court's ruling on Movant's § 2255 motion, and its denial of a Certificate of Appealability [ECF No. 17]. The Government characterizes Movant's present motion as "nothing more than a regurgitation of his Section 2255 motion and his direct appeal of his plea and sentence." The Government asserts that Movant's motion contains no new evidence that supports his position, and that Movant's "request reduced to its basis form amounts to an 'I'm right and the Court's wrong' allegation and is refuted by the record and the facts."

In a pleading titled "Petitioner's Objection to Any Further Government's Request for Extension of Time[3] [ECF No. 18], Movant urged the Court to deny an extension of the time for the Government to respond to his Motion. Movant argued that he had clearly shown the Court that his indictment, prosecution and conviction were the result of fraud upon the court committed by Government officers, and claimed that any delay in the would deprive him of his civil rights and deny him justice. In his reply to the Government's Response, Movant again argues that he was tried with inadmissible evidence and alleges that his conviction was obtained by "fabricated evidence," and he reasserts his prosecutorial misconduct and jury-tampering claims [ECF No. 19]. He contends that his counsel's ineffective assistance began with a failure "to conduct a pretrial investigation," and that his "[c]ounsel continue[d] to be ineffective throughout trial and on appeal[,]" pointing out that his counsel "object[ed] to the 801D(2)(e) at the end of the trial and follow[ed] it up with a motion for acquittal which were denied in court" [ECF No. 19 at 2]. Movant further claims that his counsel was ineffective on appeal by failing to review the record

---

[3]On December 18, 2012, the Government filed a Motion for Extension of Time to File Response or Reply, asking for an additional thirty days [ECF No. 15]. On December 19, the Court granted the Government's request, ordering that its Response be filed no later than January 16, 2013 [ECF No. 16]. The Government's Response was thereafter timely filed on January 11, 2013 [ECF No. 17].

thoroughly so as to present a valid argument regarding the hearsay objection.

In this case, Movant's motion is not based on new evidence, new legal theories, or new arguments that could have been raised. Rather, Movant claims that this court erred in concluding that his counsel's performance was not deficient, and that Movant had made no showing of prejudice.

Rule 59(e) motions can be used to correct manifest errors of law or fact, or to present newly discovered evidence; however, they cannot be used to introduce new evidence, tender new legal theories, or raise arguments that could have been offered prior to the entry of judgment. *Concordia Coll. Corp. v. W.R. Grace & Co.*, 999 F.2d 326, 330 (8th Cir. 1993); *White v. Smith*, 808 F.Supp. 2d 1174, 1237 (D. Neb. Aug. 8, 2011). Relief pursuant to this rule is subject to the district court's broad discretion. *Briscoe v. Cnty. of St. Louis, Mo.*, 690 F.3d 1004, 1015-16 (8th Cir. 2012). An abuse of that discretion is found where the Court fails to consider an important factor, assigns significant weight to an irrelevant or improper factor, or commits a clear error of judgment in weighing those factors. *Rattray v. Woodbury Cnty., IA*, 2012 WL 6114994 at *32 (N.D. Ia. Dec. 10, 2012).

Movant's Rule 59(e) Motion essentially restates the arguments thoroughly considered and rejected by this Court in its previous consideration of Movant's 28 U.S.C. § 2255 Motion. Movant has produced no "newly discovered evidence," and shown no manifest error of law or fact. *Concordia Coll. Corp.*, 999 F. 2d at 330. The Court finds no basis under Rule 59(e) to alter or amend its Judgment denying Movant's 28 U.S.C. § 2255 Motion, or its refusal to issue a Certificate of Appealability. The Court will deny Movant's Motion to Alter and Amend Judgment and Order Pursuant to Fed. R. Civ. P. 59(e).

6

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Alter and Amend Judgment and Order Pursuant to Fed. R. Civ. P. 59(e) [ECF No. 14] is **DENIED**.

Dated this   5th   day of March, 2013.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE